

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

In re:                                        §
**SEABULK OFFSHORE, LTD.'S**      §
**PETITION FOR EXONERATION**    §
**FROM OR LIMITATION OF**         §          **Civil Action No. 1:03-CV-1382**
**LIABILITY**                             §
                                              §

**<u>ORDER OF DISMISSAL</u>**

Before the Court is the parties' *Joint Motion to Dismiss with Prejudice* [Clerk's doc. #64].

The parties represent that they reached a settlement in this matter and therefore request dismissal

of all  allegations, claims and/or causes of action made the basis of this cause of action.

Specifically, Claimant and Third-Party Plaintiff, Robert Futch, Sr., Limitation Petitioner,

Seabulk Offshore, Ltd. *in personam,* the M/V SEABULK BOLIVAR, *in rem*, and Third-Party

Defendants, Seabulk International, Inc., Chevron Corporation, Chevron Texaco Corporation,

Chevron Natural Gas Pipeline Company, Chevron U.S.A. Inc., Chevron Natural Gas Services, Inc.,

Wood Group Pressure Control, Inc. and Wood Group Pressure Control, L.P., and the parties

announced to the Court that an agreement had been reached to compromise and settle all matter in

dispute between the parties.

Having considered the motion, the Court finds it to be meritorious. The Court therefore **ORDERS** that the *Joint Motion to Dismiss with Prejudice* [Clerk's doc. #64] is **GRANTED**.

Pursuant to the parties' agreement, it is therefore **ORDERED** that Claimant and Third-Party Plaintiff, Robert Futch, have and recover nothing of and from the Limitation Petitioner, Seabulk Offshore Ltd., *in personam,* recover nothing from the M/V SEABULK BOLIVAR, *in rem*; and recover nothing from the Third-Party Defendants, Seabulk International, Inc., Chevron Corporation, Chevron Texaco Corporation, Chevron Natural Gas Pipeline Company, Chevron U.S.A. Inc., Chevron Natural Gas Services, Inc., Wood Group Pressure Control, Inc. and Wood Group Pressure Control, L.P.; it is further

**ORDERED**, that all costs are to be paid by the party incurring same; it is further

**ORDERED**, that the Limitation Petitioner, the M/V SEABULK BOLIVAR, and Third-Party Defendants, its/their successors and assigns, together with any and all other persons, firms or corporations who might or could be liable therefore, stand fully ACQUITTED, DISCHARGED and ABSOLVED from and all liability, if any there be, of any nature whatever, contractual or tortuous in character, and in any way relating to, or occurring as a consequence of the alleged injuries sustained by Robert Futch, while a member of the crew of the M/V SEABULK BOLIVAR operated and controlled by Seabulk Offshore, Ltd. on June 20, 2002; it is further

**ORDERED**, that Claimant's Original Claim [Clerk's doc.# 6], *Third-Party Complaint* [Clerk's #13], and all amendments be and the same are hereby **DISMISSED** with prejudice against any and all other actions on the same grounds, without the right of Claimant to refile the same against Limitation Petitioner, Seabulk Offshore, Ltd., *in personam*; the M/V SEABULK BOLIVAR, *in rem;* Third-Party Defendants, Seabulk International, Inc., Chevron Corporation, Chevron Texaco Corporation, Chevron Natural Gas Pipeline Company, Chevron U.S.A. Inc., Chevron Natural Gas

2

Services, Inc., Wood Group Pressure Control, Inc. and Wood Group Pressure Control, L.P.; or their

successors or assigns, together with any and all other persons, firms, or corporations who might or

could be liable therefore.

It is finally **ORDERED** that all pending motions not addressed herein are denied as **MOOT**

and this matter may be closed.

It is so ordered.

**SIGNED** this the **13** day of **May, 2005.**

Thad Heartfield
United States District Judge